**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VEHICLE OPERATION TECHNOLOGIES, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN HONDA MOTOR CO., INC., )<br>)<br>Defendant. ) | <br><br><br><br>C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Vehicle Operation Technologies, LLC makes the following allegations against Defendant American Honda Motor Co., Inc. ("Honda" or "Defendant"):

## BACKGROUND

1. Yu Hei Sunny Wai is the inventor of United States Patent No. 7,145,442 (the "Wai Patent"). Mr. Wai is an accomplished electronics and computer engineer with more than 30 years of experience, including design, manufacturing and test engineering and management. His expertise spans a large swath of electronics and computer technologies, including consumer electronics, audio and video signal processing, power amplifiers, x-ray inspection systems, microwave communications, industrial robotics, and networking. Among other technical accomplishments, Mr. Wai, while working for Caspian Networks, developed the manufacturing and test standards for Caspian's "carrier class" networking equipment - extremely reliable electronics that typically exceed 99.999% availability.

2. Mr. Wai purchased a Honda Pilot in 2002 with Variable Torque Management 4WD (VTM-4). While driving the Pilot in the snow, Mr. Wai discovered a problem: the vehicle failed to provide the driver with important operating information, for example, when and how the

vehicle varied torque output to the drive wheels. Mr. Wai investigated how the vehicle drive train operated, designed and experimented with several types of sensors, and developed a complete system, including the sensor, interface, computational software, and display. His initial prototype system also measured and displayed 12 volt power consumption. The end result was a fully operational system that could measure and display torque distribution to the drive wheels, which Mr. Wai installed in his vehicle. Mr. Wai formed VMD, Inc., and filed an application for a patent on his invention on October 14, 2003, and the U.S. Patent and Trademark Office issued him U.S. Patent No. 7,145,442 on December 5, 2006.

## PARTIES

3.  Plaintiff Vehicle Operation Technologies, LLC ("VOT") is a Delaware limited liability company.

4.  On information and belief, Defendant American Honda Motor Co., Inc. is a California corporation with its principal office at 1919 Torrance Boulevard, Torrance, California 90501. Defendant has appointed CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017, as its agent for service of process.

## JURISDICTION AND VENUE

1.  This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.  This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm VOT in this

District, by, among other things, using, selling, offering for sale, and importing infringing products and services in this District.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, has committed and continues to commit acts of patent infringement in this District. On information and belief, for example, Defendant has used, sold, offered for sale, and imported infringing products in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,145,442

4. VOT is the owner by assignment of the Wai Patent, entitled "Vehicle Operation Display System." A true and correct copy of the Wai Patent is attached as Exhibit A.

5. Defendant has been and now is directly infringing the Wai Patent, literally and under the doctrine of equivalents, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling torque and component power consumption sensor and display system products and services that include, among other things, at least one signal source producing sensory data, a processing device operably coupled to said signal source to transform said sensory data into a display signal, a display device to receive and display the display signal as a viewable image, the image comprised of information regarding at least one operating parameter, said at least one operating parameter comprised of torque and/or braking forces delivered at the wheels of a motor vehicle, and whereby the generated image is observable by the operator of said motor vehicle. The infringing products and services include, for example, Defendant's 2012 Acura MDX, equipped with the "Super Handling-All Wheel Drive System."

6. By engaging in the conduct described herein, Defendant has injured VOT and is thus liable for infringement of the Wai Patent pursuant to 35 U.S.C. § 271(a).

7. Defendant has committed these acts of infringement without license or authorization.

8. By letter dated July 10, 2006, to Tim Conley, General Counsel of American Honda Motor Co., Inc., Frank Hodgson, General Counsel for VMD, Inc., informed Defendant of Mr. Wai's patent application including a copy of it and the claims that had been recently allowed by the U.S. Patent and Trademark Office and proposed that Defendant incorporate and license the technology. By letter dated September 6, 2006, Defendant responded to Mr. Hodgson's letter and requested a copy of a valid U.S. Patent on the invention. By letter dated March 3, 2007, Mr. Hodgson provided a copy of the Wai patent to Defendant and proposed that Defendant incorporate and license the now-patented technology.

9. Defendant Honda has been aware of the Wai patent since at least March 3, 2007, or shortly thereafter. Defendant Honda has been aware of the substance and claims of the Wai patent since at least September 6, 2006, and likely at least as early as around July 10, 2006. On information and belief, Defendant has knowingly acted with an objectively high likelihood that its actions constituted infringement of the Wai patent. Therefore, Honda has been willfully infringing the Wai patent since it began using the patented technology after July 2006.

10. As a result of Defendant's infringement of the Wai Patent, VOT has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and VOT will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by

this Court.

11.     VOT has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the Wai Patent.

## PRAYER FOR RELIEF

VOT respectfully requests that this Court enter:

A.     A judgment in favor of VOT that Defendant has infringed the Wai Patent;

B.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the Wai Patent, or such other equitable relief the Court determines is warranted;

C.     A judgment and order requiring Defendant to pay VOT its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Wai Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

D.     An award to VOT for enhanced damages against Defendant Honda resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct, as provided under 35 U.S.C. § 284;

E.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to VOT its reasonable attorneys' fees against Defendant;

F.  A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to VOT, including without limitation, pre-judgment and post-judgment interest; and

G.  Any and all other relief to which VOT may be entitled.

**DEMAND FOR JURY TRIAL**

VOT, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 5, 2013

Of Counsel:

Alexander C.D. Giza
Marc A. Fenster
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
(310) 826-7474
agiza@raklaw.com
mfesner@raklaw.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff*
*Vehicle Operation Technologies LLC*