IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE OPERATION TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.<br><br>Defendant. | C.A. No. 1:13-cv-537 SLR<br><br>DEMAND FOR JURY TRIAL |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## AMERICAN HONDA MOTOR CO., INC.

Defendant American Honda Motor Co., Inc. ("Honda"), by its undersigned attorneys, hereby answers the Complaint filed by the Plaintiff Vehicle Operation Technologies, LLC ("Plaintiff") as follows:

## BACKGROUND

1.  Honda lacks sufficient information or knowledge to either admit or deny the allegations of Paragraph 1 of the Complaint, and therefore denies each and every allegation in Paragraph 1.

2.  Honda admits the face of U.S. Patent No. 7,145,442 ("the '442 patent") shows that the application that led to the '442 patent was filed on October 14, 2003 and issued on December 5, 2006. Honda lacks sufficient information or knowledge to either admit or deny the remaining allegations of Paragraph 2 of the Complaint, and therefore denies each and every remaining allegation in Paragraph 2.

## PARTIES

3. Honda lacks sufficient information or knowledge to either admit or deny the allegations of Paragraph 3 of the Complaint, and therefore denies each and every allegation in Paragraph 3.

4. Admitted.

## JURISDICTION AND VENUE

1. Honda admits that the Complaint purports to relate to an action for patent infringement arising under the patent laws of Title 35 of the United States Code, § 1, *et seq.*, including § 271. Honda admits that subject matter jurisdiction over Plaintiffs' claims is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as the Complaint purports to state a claim arising under the patent laws of the United States of America. Except as expressly admitted, Honda denies each and every remaining allegation in Paragraph 1 of the "JURISDICTION AND VENUE" section of the Complaint.

2. Honda admits that this Court has personal jurisdiction over it. Except as expressly admitted, Honda denies each and every remaining allegation in Paragraph 2 of the "JURISDICTION AND VENUE" section of the Complaint.

3. Honda admits for the purposes of this case only that venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Honda, however, denies that this is a convenient forum. Honda denies each and every remaining allegation in Paragraph 3 of the "JURISDICTION AND VENUE" section of the Complaint.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 7,145,442

4.  Honda admits the Plaintiff has attached a copy of the '442 patent as Exhibit A to the Complaint. Honda lacks sufficient information or knowledge to either admit or deny the remaining allegations of Paragraph 4 of the "Count 1" section of the Complaint, and therefore denies each and every remaining allegation in this Paragraph 4.

5.  Honda denies each and every allegation of Paragraph 5 of the Complaint.

6.  Honda denies each and every allegation of Paragraph 6 of the Complaint.

7.  Honda denies each and every allegation of Paragraph 7 of the Complaint.

8.  Honda admits that Frank Hodgson addressed a letter dated July 10, 2006 to Tim Conley that attached portions of patent application 10/684,031. Honda further admits that it sent a response to Mr. Hodgson's July 10, 2006 letter, and that Mr. Hodgson provided a copy of the '442 patent to Honda via a letter. Except as expressly admitted, Honda denies each and every remaining allegation in Paragraph 8.

9.  Honda admits that Mr. Hodgson provided a copy of the '442 patent to Honda via a letter. Except as expressly admitted, Honda denies each and every remaining allegation in Paragraph 9.

10. Honda denies each and every allegation of Paragraph 10 of the Complaint.

11. Honda denies each and every allegation of Paragraph 11 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Honda denies that Plaintiff is entitled to any of its requested relief and denies all allegations contained in paragraphs A-G of Plaintiffs' Prayer for Relief of the Complaint. Honda asks the Court to deny any and all relief requested in Plaintiff's request for relief.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Honda admits that Plaintiff requests a jury to hear this action.

## AFFIRMATIVE DEFENSES

Without admitting or denying that they bear the burden of proof as to any of them, Honda, upon information and belief, asserts the following affirmative defenses:

### First Affirmative Defense

12. The Complaint fails to state a cause of action for which relief can be granted.

### Second Affirmative Defense

13. Plaintiffs' claims are barred, in whole or in part, for lack of standing

### Third Affirmative Defense

14. Honda does not infringe (literally or under the doctrine of equivalents) and has never infringed (literally or under the doctrine of equivalents) any valid and enforceable claim of the '442 patent under any theory of infringement, including direct infringement, indirect infringement and willful infringement.

**Fourth Affirmative Defense**

15. The '442 patent is invalid for failure to meet the requirements for patentability set forth in Title 35 of the United Sates Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fifth Affirmative Defense**

16. Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and/or 35 U.S.C. § 287 (marking).

**Sixth Affirmative Defense**

17. The purported claims for relief in the Complaint are barred in whole or in part by the doctrine of laches, waiver, implied license, unclean hands, or any other equitable defense.

**Seventh Affirmative Defense**

18. Plaintiff's claims of infringement are barred, in whole or in part, by the doctrines of equitable estoppel and/or prosecution history estoppel.

**Eighth Affirmative Defense**

19. Because Honda's investigation is ongoing, and discovery has not yet been taken, Honda is without sufficient information regarding the existence or non-existence of other facts, acts and/or evidence that may constitute a defense to Plaintiff's claims of patent infringement or that may establish the invalidity or unenforceability of the claims of the asserted patent, including additional prior art or related patents. Honda accordingly gives notice that it may assert facts, acts, and/or evidence which tend to establish non-infringement, invalidity,

unenforceability, or which otherwise constitute a defense under Title 35 of the United States Code.

| | |
|---|---|
| Dated: June 5, 2013 | **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN** |

  /s/ Richard R. Wier, Jr.
Richard R. Wier, Jr., Esq. (#716)
Shannon Larner Brainard, Esq. (#5626)
1220 North Market Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 552-4350
Facsimile: (302) 651-7905
rrwier@mdwcg.com
slbrainard@mdwcg.com

**STEPTOE & JOHNSON LLP**
John Caracappa, Esq. (*pro hac vice* application pending)
Paul Lall, Esq. (*pro hac vice* application pending)
Tremayne Norris, Esq. (*pro hac vice* application pending)
1330 Connecticut Ave. NW
Washington, DC 20036
Phone: (202) 429-3000
Facsimile: (202) 429-3902
jcaracap@steptoe.com
plall@steptoe.com
tnorris@steptoe.com

*Attorneys for American Honda Motor Co., Inc.*